UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

|  | CRIMINAL DOCKET NO. 19-155 "L" |
| VERSUS | NEW ORLEANS, LOUISIANA |
|  | THURSDAY, DECEMBER 5, 2019 |

DOMINIQUE ALAINA BERRY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRANSCRIPT OF REARRAIGNMENT PROCEEDINGS
HEARD BEFORE THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| FOR THE PLAINTIFF: | U. S. ATTORNEY'S OFFICE |
|  | BY:  ELIZABETH A. PRIVITERA, ESQUIRE |
|  | 650 POYDRAS STREET, SUITE 1600 |
|  | NEW ORLEANS LA  70130 |

| FOR THE DEFENDANT: | FEDERAL PUBLIC DEFENDER |
|  | BY:  CELIA RHOADS, ESQUIRE |
|  | HALE BOGGS BUILDING |
|  | 500 POYDRAS STREET, ROOM 318 |
|  | NEW ORLEANS LA  70130 |

| OFFICIAL COURT REPORTER: | CATHY PEPPER, CCR, RMR, CRR |
|  | CERTIFIED REALTIME REPORTER |
|  | REGISTERED MERIT REPORTER |
|  | 500 POYDRAS STREET, ROOM HB-275 |
|  | NEW ORLEANS LA  70130 |
|  | (504) 589-7779 |
|  | Cathy_Pepper@laed.uscourts.gov |

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
PRODUCED BY COMPUTER.

*OFFICIAL TRANSCRIPT*

**P-R-O-C-E-E-D-I-N-G-S**

THURSDAY, DECEMBER 5, 2019

A F T E R N O O N   S E S S I O N

(COURT CALLED TO ORDER)



THE DEPUTY CLERK:  All rise.  Criminal Action 19-155, United States of America v. Dominique Alaina Berry.

MS. PRIVITERA:  Good afternoon, Your Honor. Liz Privitera on behalf of the United States.

MS. RHOADS:  Good afternoon, Your Honor.  Celia Rhoads on behalf of Ms. Berry.

THE COURT:  Are you Ms. Dominique Alaina Berry?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Ms. Berry, you have a right to have an attorney at every stage of the proceeding, and although you have an attorney at this stage, if it later appears at any time that you need an attorney and do not have one, I'll appoint one to represent you.

All right.  On August 14th of 2019, the government filed a bill of information.  In the bill of information, you are charged with felonies.  You should know that under the Constitution, you have a right to be charged by an indictment returned by a grand jury.

A grand jury is a body composed of 23 citizens,

1    16 of who must meet to transact business.  In order for you to

2    be indicted, 12 of those grand jurors must find what we call

3    *probable cause* to charge you.  A grand jury may or may not

4    indict you.  You may waive your right to be indicted by a grand

5    jury and agree to be charged by a bill of information.

6              You should know that a bill of information is

7    simply a notice of the charges against you signed by the

8    United States Attorney's Office.  If you waive the grand jury,

9    you are agreeing that the case will proceed against you by the

10   United States on the bill of information just as it would have

11   proceeded against you if you had been indicted.

12             Have you discussed your right to be indicted by

13   your attorney?

14        THE DEFENDANT:  Yes, sir.

15        THE COURT:  You've agreed to waive it, ma'am?

16        THE DEFENDANT:  Yes.

17        THE COURT:  Do we have a copy of the waiver in the

18   record?

19        THE DEPUTY CLERK:  Yes.

20        THE COURT:  Has anyone threatened or coerced you in any

21   way to get you to waive the indictment?

22        THE DEFENDANT:  No, sir.

23        THE COURT:  Okay.  Have you read the bill of

24   information?

25        THE DEFENDANT:  Yes, sir.

1      THE COURT:  Okay.  Prior to entering your plea, do you

2  wish to have it read to you a second time, or do you understand

3  it and waive that right?

4      THE DEFENDANT:  I understand it.

5      THE COURT:  Okay.  The record should reflect that the

6  defendant indicates that she understands the bill of

7  information and agrees to waive it a second time.

8          I've been advised that you wish to enter a plea

9  of guilty to Count 1 and Count 2 of the bill of information.

10  Count 1 charges you with conspiracy to commit wire fraud, bank

11  fraud, and interstate transportation and use of an interstate

12  facility with the intent to carry on unlawful activity, all in

13  violation of Title 18, United States Code, Section 371.

14          Count 2 charges you with aggravated identity

15  theft, in violation of Title 18, United States Code,

16  Section 1028(a); is that correct, ma'am?

17      THE DEFENDANT:  That's correct.

18      THE COURT:  Before accepting your plea of guilty, I'm

19  required to ask you certain questions.  If you do not

20  understand the question, you should let me know because it's

21  important that you understand the question and that your answer

22  be responsive to the question.  You may talk to your attorney

23  if you need be.

24          I'll require that your answers been given under

25  oath.  I'll direct our courtroom deputy to administer the oath

**OFFICIAL TRANSCRIPT**

1   to you at this time.

2       THE DEPUTY CLERK:  Would you please raise your right

3   hand.  Do you solemnly swear that the testimony which you are

4   about to give will be the truth, the whole truth and nothing

5   but the truth, so help you God?

6       THE DEFENDANT:  Yes.

7       THE COURT:  Ms. Berry, do you understand that all

8   answers given in open court under oath if not truthful may

9   later be used as a basis for perjury or a false statement

10  prosecution being brought against you?

11      THE DEFENDANT:  Yes, sir.

12      THE COURT:  What is your date of birth, ma'am?

13      THE DEFENDANT:  7/21/89.

14      THE COURT:  How much formal education do you have?

15      THE DEFENDANT:  Some college.

16      THE COURT:  Okay.  Have you taken any narcotic drugs,

17  medicine, pills, or have you drunk any alcoholic beverage in

18  the past 24 hours?

19      THE DEFENDANT:  Yes.

20      THE COURT:  Okay.  Do you understand what I'm saying

21  today?  Is there anything interfering with your hearing,

22  seeing, responding to me?

23      THE DEFENDANT:  No, sir.  I understand completely.

24      THE COURT:  Okay.  Are you now or have you recently

25  been under the care of a doctor?  Have you been under the care

**OFFICIAL TRANSCRIPT**

1   of a doctor recently?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Are you taking any medication at this time

4   which in any way would interfere with your understanding me,

5   hearing me, or responding to me?

6           THE DEFENDANT:  No, sir.

7           THE COURT:  Okay.  Do you understand what the

8   proceedings are about today, ma'am?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Counsel, do you have any doubt as to the

11  defendant's competence to plead at this time?

12          MS. RHOADS:  No, Your Honor.

13          THE COURT:  Have you had enough time to discuss the

14  case with your attorney?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Are you satisfied with her services?

17          THE DEFENDANT:  Very.

18          THE COURT:  Do you understand you have a right to plead

19  not guilty here today?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Do you understand that if I accept your

22  plea of guilty, you'll not be entitled to a trial of any kind,

23  and the government will not be required to prove that you are,

24  in fact, guilty?  By pleading guilty here today, you're giving

25  up your right to a trial which you are entitled to under the

1   laws of our country, as well as our Constitution.  Do you know

2   that, ma'am?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  Do you understand that if you enter a plea,

5   you have a right to enter a plea of not guilty.  You know that?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  If you enter a plea of not guilty, you

8   would have a right thereafter to counsel either appointed or

9   retained.  You would have a right thereafter to remain silent.

10  At the trial, if you pled not guilty and proceed to trial, the

11  government would be required to confront you with witnesses

12  upon whose testimony it would have to rely to obtain a

13  conviction.  You would have a right to cross-examine each and

14  every one of those witnesses.

15          At the trial you would be presumed innocent until

16  such time, if ever, the government overcame that presumption

17  and established your guilt by competent evidence beyond a

18  reasonable doubt.  Also at the trial, you would be entitled to

19  call witnesses on your own behalf.  You would have a right to

20  testify on your own behalf, and if you chose not to testify,

21  you would not be forced or compelled to testify or hurt or

22  incriminate yourself in any way.

23          You would be entitled to a speedy and public

24  trial by 12 jurors or by a judge, if you waive the jury.  If

25  you were tried by a jury, you should know that all 12 jurors

1  would have to agree upon your guilt before you would be found

2  guilty.  If you were found guilty thereafter, you would have a

3  right to appeal your conviction.  By pleading guilty here

4  today, you're waiving all of those rights.  Do you understand

5  that, ma'am?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  If you plead guilty and I accept your plea,

8  you understand you'll waive the right to trial, all of the

9  other rights which I've just described to you, there will be no

10  further trial, and I will simply enter a judgment of guilty and

11  in due course sentence you on the guilty plea; do you know

12  that?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  With all that in mind, are you willing to

15  waive and give up your right to a trial by judge or jury?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  All right.  Have you discussed the case or

18  the charges in the bill of information which you intend to

19  plead with your attorney?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Let me summarize them for you.  In Count 1

22  of the bill of information, you are charged with violating

23  Title 18, United States Code, Section 371, which makes it a

24  crime for anyone to conspire with someone else to commit an

25  offense against the laws of the United States.

*OFFICIAL TRANSCRIPT*

1          Specifically, you are charged with conspiring to
2     commit wire fraud, bank fraud, and interstate transportation
3     and use of an interstate facility with the intent to carry on
4     an unlawful activity as defined by Title 18, United States
5     Code, Section 1343, 1344, 1, and 1952(a)(3).
6          For you to be found guilty of this crime, the
7     government must prove each of the following beyond a reasonable
8     doubt:
9          First, that you and at least one other person
10    directly or indirectly reached an agreement to commit the crime
11    of wire fraud, bank fraud, and interstate transportation and
12    use of an interstate facility, or with the intent to carry on
13    unlawful activity as charged in the bill of information.
14          Two, that you knew of the unlawful purpose of the
15    agreement and joined in it willfully, that is, with the intent
16    to further its unlawful purpose.
17          Three, that one of the conspirators during the
18    existence of the conspiracy knowingly committed at least one of
19    the overt acts described in the bill of information in order to
20    accomplish some object or purpose of the conspiracy.
21          Now, a conspiracy is simply an agreement between
22    two or more persons to join together to accomplish some
23    unlawful purpose.  It's a kind of a partnership, a partnership
24    in crime in which each member becomes the agent of each other
25    member.

1    One may become a member of a conspiracy without

2  knowing all of the details of the unlawful scheme or the

3  identity of all of the other alleged conspirators.  If a

4  defendant understands the unlawful nature of a plan or scheme

5  and knowingly and intentionally joins in that plan or scheme on

6  one occasion, that is sufficient to convict him or her of

7  conspiracy even though the defendant played only a minor role.

8    The government need not prove that the alleged

9  conspirators entered into any formal agreement, nor that they

10  directly stated between themselves all of the details of the

11  scheme.  Similarly, the government need not prove that all of

12  the details of the scheme alleged in the bill of information

13  were actually agreed upon or, for that matter, even carried

14  outcome, nor must it prove that all of the persons alleged to

15  have been members of a conspiracy were such or that the alleged

16  conspirators actually succeeded in accomplishing their unlawful

17  purpose.

18    In Count 2 of the bill of information, you are

19  charged with aggravated identity theft, in violation of

20  Title 18, United States Code, Section 1028(a), which makes it a

21  crime for anyone to knowingly transfer, possess, or use without

22  lawful authority a means of identification of another person

23  during or in relation to a statutorily enumerated felony,

24  namely, wire fraud and bank fraud.

25    Now, for you to be found guilty of this crime,

*OFFICIAL TRANSCRIPT*

1    the government must prove each of the following beyond a

2    reasonable doubt:

3              First, that you knowingly used a means of

4    identification of another person.

5              Two, that you did so without a lawful authority.

6              Three, that you used the means of identification

7    of another person during and in relation to the felony

8    involving wire and bank fraud.

9              And finally, four, that you knew that the means

10   of identification in fact belonged to another real person

11   living or dead.

12             Now, *means of identification* simply means any

13   name or number that may be used alone or in conjunction with

14   any other information to identify a specific individual,

15   including any name, Social Security number, date of birth,

16   official state- or government-issued driver's license or

17   identification number, alien registration number, government

18   passport number, or employer or even taxpayer identification

19   number.

20             The phrase *without lawful authority* simply means

21   that the defendant transferred, possessed, or used another's

22   means of identification without that person's permission or

23   having obtained that person's permission legally.  Do you

24   understand these charges, ma'am?

25             THE DEFENDANT:  Yes, sir.

THE COURT:  If you're convicted of these charges either upon a plea of guilty or, for that matter, either after trial, the maximum possible sentence that could be imposed is as follows:

With regard to Count 1, 5 years of imprisonment, and/or a fine of $250,000, or the greater of twice the gross gain to you or twice the gross loss to any person, and up to 3 years of supervised release following any term of imprisonment.

With regard to Count 2, 2 years of imprisonment and a term of supervised release for a period of up to 3 years. The term of imprisonment in Count 2 must be consecutive to any other term of imprisonment imposed by the Court. *Consecutive* means *in addition to* here; do you understand that, ma'am?

THE DEFENDANT:  Yes, sir.

THE COURT:  You've heard me use the term *supervised release*. Supervised release is a period following release from prison during which your conduct will be monitored by either the Court or the Court's designee.

If you violate any of the conditions of supervised release that the Court imposes, you should know that your supervised release may well be revoked, and you may be ordered to serve in prison all or part of the term of supervised release. Do you understand what supervised release is and the consequences of violating it?

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  You may additionally be required to

3       reimburse any victim for the amount of loss under the victim's

4       restitution law, if that law is at all applicable here.   In

5       addition, the Court is required to impose upon you a mandatory

6       special assessment fee of $100 for each count.  Do you

7       understand the total maximum sentence, ma'am?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Do you understand that I could impose the

10      maximum possible sentence and fine for the charges to which

11      you're seeking to plead guilty?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Do you also understand that parole has been

14      abolished, and if you're sentenced to prison, you will not be

15      released on parole; do you know that?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  If the sentencing guidelines applicable to

18      your case have been explained to you by your attorney, you

19      should understand that the sentencing guidelines are advisory.

20      They are not mandatory.  I will consider the guidelines, and I

21      will compute the sentence under the guidelines, and I'll take

22      the guidelines into consideration as well as other relevant

23      facts in sentencing you.

24               You should know that I may or may not decide to

25      sentence you within the guidelines.  I could decide to impose a

1　sentence that is either greater or, for that matter, lesser

2　than the guidelines if I find that the guidelines do not take

3　into consideration other relevant facts concerning either you

4　or the crime to which you are seeking to plead guilty.  Do you

5　understand that?

6　　　　　THE DEFENDANT:  Yes, sir.

7　　　　　THE COURT:  Okay.  Do you also understand that you and

8　the government may appeal the sentence to the extent that

9　you've waived this as part of your plea agreement to the extent

10　you can waive that?

11　　　　　THE DEFENDANT:  Yes, sir.

12　　　　　THE COURT:  With all of that in mind, how do you plead,

13　ma'am?

14　　　　　THE DEFENDANT:  Guilty.

15　　　　　THE COURT:  Are you pleading guilty because you're, in

16　fact, guilty of the crime charged?

17　　　　　THE DEFENDANT:  Yes, sir.

18　　　　　THE COURT:  Do you understand that plea agreements are

19　permissible, and you and counsel have a duty to disclose the

20　existence of plea agreements?

21　　　　　　Any agreement in this case, Counsel?

22　　　　　MS. RHOADS:  Yes, sir.

23　　　　　THE COURT:  Tell me about it.

24　　　　　MS. PRIVITERA:  There is.  Yes, sir.

25　　　　　　In front of me I have a six-page document which

*OFFICIAL TRANSCRIPT*

is the plea agreement, and that is the agreement between the

government and the defendant.  In this plea agreement, it

outlines that Ms. Berry has pleaded or is pleading guilty to

the two-count bill of information as this court has already

reviewed with her, which charges her with conspiracy under a

violation of Title 18, United States Code, Section 371 and

aggravated identity theft, in violation of Title 18,

United States Code, Section 1028.

The government agrees that it will not bring any

other charges in the Eastern District of Louisiana against

Ms. Berry arising from the conduct detailed in the

factual basis, as long as Ms. Berry has truthfully informed the

federal agents of the full details of these crimes.  She

understands that this agreement does not apply to any crimes of

violence that she may have committed.

Judge -- Your Honor, you've already went over the

fact that she has a right to be indicted by a grand jury, and

she, in this instance, is charged by a bill of information,

which she has already waived her right to be indicted by a

grand jury, and the waiver is actually in the court record.

It outlines that for Count 1, she faces no more

than 5 years of imprisonment and a fine of up to $250,000.  As

to Count 2, she faces a mandatory term of imprisonment of

2 years imprisonment which must follow any other term

consecutively.

1    One thing, Your Honor, that I don't believe you

2    did go over that this plea agreement does cover, it is, in

3    fact, an 11(c)(1)(C) plea agreement.  In this plea agreement,

4    we specify a specific term of imprisonment that is appropriate

5    for Ms. Berry in the disposition of this case.  That is a term

6    of imprisonment of 84 months.

7    This sentence is the maximum possible for both

8    Counts 1 and 2 and is based on all of the factors listed in

9    Title 18, United States Code, Section 3553, which also includes

10   the nature and circumstances of the crimes as outlined in the

11   14-page factual basis and Ms. Berry's role in those offenses.

12   It states also that the Court may accept or

13   reject this 11(c)(1)(C) plea, and if the Court, in fact,

14   refuses to impose a stipulated sentence, that either Ms. Berry

15   or the government has the option of declaring this

16   plea agreement null and void.  It has the restitution

17   provision, and restitution, in fact, is mandatory; the $100

18   special assessment fee that is owed as to each Count 1 and

19   Count 2.  It notifies Ms. Berry that she faces a maximum term

20   of supervised release following any term of imprisonment of up

21   to 3 years.

22   Then it outlines all of her appellate waivers,

23   which are quite substantial; however, she does not waive the

24   right to bring a direct appeal of any sentence imposed in

25   excess of the statutory maximum.  The defendant also retains

1   her right to raise a claim of ineffective assistance of counsel
2   in an appropriate proceeding.
3               It contains the additional 410 waiver language,
4   basically indicating to Ms. Berry that if she decides in the
5   future to withdraw her plea or her factual basis or something
6   along those lines, in a future court proceeding we could use
7   that signed agreement and the signed factual basis against her.
8               Essentially, those are the terms of the
9   plea agreement, Your Honor.
10              Ms. Berry, did have you an opportunity to read
11  each page of the plea agreement?
12          THE DEFENDANT:  Yes, ma'am.
13          MS. PRIVITERA:  Did you, in fact, read each page?
14          THE DEFENDANT:  Yes, ma'am.
15          MS. PRIVITERA:  Okay.  Did you review it with your
16  attorney?
17          THE DEFENDANT:  I did.
18          MS. PRIVITERA:  All right.  Did you initial your --
19  place your initials on each page?
20          THE DEFENDANT:  Yes, ma'am.
21          MS. PRIVITERA:  Did you sign the back page of the
22  plea agreement?
23          THE DEFENDANT:  Yes, ma'am.
24          MS. PRIVITERA:  Okay.  That was dated today,
25  December 5th?

1          THE DEFENDANT:  Yes, ma'am.

2          MS. PRIVITERA:  Do you have any questions about the

3  plea agreement?

4          THE DEFENDANT:  No.

5          MS. PRIVITERA:  Do you understand everything that's

6  contained in it?

7          THE DEFENDANT:  Yes.

8          MS. PRIVITERA:  Okay.  Do you understand that you're

9  facing a term of imprisonment of 84 months?

10         THE DEFENDANT:  Yes.

11         MS. PRIVITERA:  That's not what you are facing, but

12  that's what you're agreeing to?

13         THE DEFENDANT:  Yes, ma'am.

14         MS. PRIVITERA:  Okay.  Ms. Rhoads, did you review it

15  with your client?

16         MS. RHOADS:  Yes.

17         MS. PRIVITERA:  Do you feel that she understands all of

18  the terms in it?

19         MS. RHOADS:  Yes.

20         MS. PRIVITERA:  Did you also initial each page and sign

21  the last page?

22         MS. RHOADS:  I did.

23         MS. PRIVITERA:  Okay.  Your Honor, with that, may I

24  submit it into the Court record?

25         THE COURT:  Yes.

                    *OFFICIAL TRANSCRIPT*

MS. PRIVITERA:  If I may also, Your Honor, there is an Attachment A that accompanies the plea agreement.

Ms. Berry, did you review Attachment A?

MS. RHOADS:  Yes, ma'am.

MS. PRIVITERA:  Do you understand what Attachment A is?

THE DEFENDANT:  Yes.

MS. PRIVITERA:  Ms. Rhoads, did you review it with Ms. Berry?

MS. RHOADS:  I did.

MS. PRIVITERA:  Okay.  Ms. Berry, did you, in fact, initial each page and sign it?

THE DEFENDANT:  Yes.

MS. PRIVITERA:  The same with you, Ms. Rhoads?

MS. RHOADS:  Yes, I did.

MS. PRIVITERA:  I submit that as well.

THE COURT:  I have before me the plea agreement and together with Attachment A.  In my presence the plea agreement was gone into in detail with the defendant.  The defendant indicated that she understood the plea agreement and agreed to it.  The same way with the sealed document, Attachment A.  I saw her initial it or recognize her initials and sign on it.  She signed it and indicated that she signed it, and she agreed in my presence that she had, indeed, signed it and understood it.

With regard to the 11(c)(1)(C) agreement, there

1    is an agreement between the government and the defendant as to

2    a specific sentence for the amount of 84 months, you said?

3              MS. PRIVITERA:  Yes, Your Honor.

4              THE COURT:  What I'll do and what I do in these cases,

5    I'll reserve my approval of it until after I get the

6    presentence investigation report.  If I decide, however, not to

7    agree to it, I will let you know beforehand so that you may

8    withdraw your plea if you wish to do so.  If the presentence

9    investigation report comes back appropriately, I will then go

10   ahead and agree with the government.

11             Let the plea agreement and the attachment be made

12   a part of the record.

13             Did anyone make any promises or threats that

14   forced or compelled you to plead guilty here today, ma'am?

15             THE DEFENDANT:  No, sir.

16             THE COURT:  Did anyone threaten or force you to plead

17   guilty or indicate that if you had not pled guilty, something

18   else would be brought against you?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  Has anyone else connected with the

21   government or anyone connect with any law enforcement agents or

22   anyone else, including your attorney, at any time made any

23   prediction or promises other than what you have agreed to and

24   the government has agreed to?

25             THE DEFENDANT:  No, sir.

**OFFICIAL TRANSCRIPT**

1          THE COURT:  Is there evidence to support this plea?

2          MS. PRIVITERA:  Yes, Your Honor.  In front of me I have

3     a factual basis which is 14 pages long.  In a detailed fashion

4     it outlines the criminal and noncriminal activity that makes up

5     the conspiracy to commit wire fraud, bank fraud, and interstate

6     transportation and use of an interstate facility with intent to

7     carry on unlawful activity, along with the aggravated identity

8     theft, which is charged in Count 1 and Count 2, respectively.

9          In it, Your Honor, if I can just briefly

10    summarize the 14 pages.

11         THE COURT:  Sure.

12         MS. PRIVITERA:  The government establishes through this

13    factual basis the conspiracy that Ms. Berry and her

14    co-conspirator engaged in involved services of prostitution on

15    an out-call basis whereby she and R. S. scheduled dates at

16    customers' residences.  They used online websites primarily to

17    do this.

18         In the advertisements, Ms. Berry was frequently

19    referred to under the alias of *Desiree Knowles*.  The

20    advertisements offered either prostitution services or

21    companionship.  After scheduling a date, R. S. would give

22    Ms. Berry illegal drugs or prescription medication with

23    neurosuppressive side effects, which included things such as

24    Valium, Trazodone, Depakote, and Seroquel, and directed her to

25    place the drugs surreptitiously into the prostitution date's

1    alcohol beverages.  R. S. would obtain the drugs from multiple

2    sources, including relatives and other victims.

3              Once at the prostitution customer's residence,

4    Berry would drink with the customer until he was incapacitated

5    with alcohol, and Ms. Berry would spike the drugs provided to

6    her by R. S.  R. S. would direct Berry to contact him once the

7    customer became unresponsive, and then one or both of them

8    would steal the valuables, including credit cards, cash,

9    jewelry, automobiles, computers, TVs, cell phones, firearms

10   prescription medication, and the like.  R. S. and Ms. Berry

11   would then use stolen credit cards without the owner's

12   authorization and sell the stolen valuables at various pawn

13   shops or online.

14             This occurred between November 2015 and

15   September 2017, where they probably committed approximately on

16   50 separate occasions throughout the nation, including

17   California, Arizona, New Mexico, Texas, Louisiana, and Georgia.

18   The factual basis itself details nine separate incidents that

19   occurred with nine separate victims throughout these locations

20   in the country.

21             One of them which occurred here in Metairie,

22   Louisiana, unfortunately resulted in the death of S. A., where

23   the toxicology found that the antipsychotic medications were in

24   his body and were determined to have contributed to his death.

25   S.A.'s credit card or -- I'm sorry, Chase Bank debit card was

1  used by Ms. Berry and R. S., and they did not have S. A.'s

2  authorization, in fact, to use that credit card.  And in the

3  factual basis it details, as I said, the violations that

4  support Counts 1 and Count 2.

5              Ms. Berry, did have you an opportunity to

6  thoroughly review this factual basis?

7              THE DEFENDANT:  Yes.

8              MS. PRIVITERA:  Do you agree with all of the

9  information contained in it?

10             THE DEFENDANT:  Yes.

11             MS. PRIVITERA:  All right.  Ms. Rhoads, did you review

12  it with Ms. Berry?

13             MS. RHOADS:  Yes.

14             MS. PRIVITERA:  Did you and Ms. Berry discuss it and

15  does she agree with the terms contained in it?

16             MS. RHOADS:  Yes.

17             MS. PRIVITERA:  Okay.  Ms. Berry, did you sign or

18  initial each page and sign the back page?

19             THE DEFENDANT:  Yes.

20             MS. PRIVITERA:  Okay.  In fact, is this your signature

21  on the back page, Ms. Berry?

22             THE DEFENDANT:  Yes.

23             MS. PRIVITERA:  Ms. Rhoads, did you initial each page

24  and sign the back page?

25             MS. RHOADS:  I did.

*OFFICIAL TRANSCRIPT*

1    MS. PRIVITERA:  Okay.  I initialled each page,

2  Your Honor, and signed the back page.

3    THE COURT:  Okay.  I have before me a factual basis

4  consisting of 14 pages.  In my presence the factual basis was

5  explained in detail to the defendant.  She was attentive and I

6  listened to it closely.  She recognized her initials on each

7  page and so indicated; and also, she recognized her signature

8  on the last page.

9    Ms. Berry, do you agree that this factual basis

10  is true and correct?

11    THE DEFENDANT:  Yes, sir.

12    THE COURT:  Let it be made a part of the record,

13  please.

14    Because I find the plea agreement is

15  knowledgeable, voluntary, and has a basis in fact that contains

16  all of the elements of the crime, I will accept your plea, but

17  I'll reserve the right whether or not to accept it in its

18  totality after I receive the presentence investigation report.

19    I'm going to order the presentence investigation

20  be made.  A presentence report will be prepared by the

21  probation office to sentence you.  You'll be required to

22  furnish information for the report.  Your attorney may be

23  present, if you wish.

24    You and your attorney, of course, will be

25  afforded an opportunity to speak at the sentencing hearing, and

1    you and your attorney will be permitted to read the presentence

2    investigation report prior to the sentencing hearing, make any

3    objections to it, if, indeed, you have any objections.

4              Sentencing in this matter will be on Thursday,

5    March 19, 2020, at two o'clock p.m.

6              I understand the defendant's currently in

7    custody.  She is remanded to the custody of the United States

8    Marshal.

9         MS. PRIVITERA:  Thank you, Your Honor.

10        MS. RHOADS:  Thank you.

11        THE COURT:  Court will stand in recess.

12        THE DEPUTY CLERK:  All rise.

13        (WHEREUPON, the proceedings were concluded.)

14                          *    *    *

15

16                     REPORTER'S CERTIFICATE

17

18        I, Cathy Pepper, Certified Realtime Reporter, Registered
     Merit Reporter, Certified Court Reporter in and for the State
     of Louisiana, Official Court Reporter for the United States

19   District Court, Eastern District of Louisiana, do hereby
     certify that the foregoing is a true and correct transcript to

20   the best of my ability and understanding from the record of the
     proceedings in the above-entitled and numbered matter.

21
                              *s/Cathy Pepper*
22                            Cathy Pepper, CRR, RMR, CCR
                              Certified Realtime Reporter
23                            Registered Merit Reporter
                              Official Court Reporter
24                            United States District Court
                              Cathy_Pepper@laed.uscourts.gov
25

                         ***OFFICIAL TRANSCRIPT***